Slip Op. 15-125

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AN GIANG FISHERIES IMPORT AND EXPORT JOINT STOCK COMPANY ET AL., <br><br> Plaintiffs and Consolidated Plaintiffs, <br><br> and <br><br> ANVIFISH JOINT STOCK COMPANY ET AL., <br><br> Plaintiff-Intervenors and Consolidated Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CATFISH FARMERS OF AMERICA ET AL., <br><br> Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Consol. Court No. 15-00044 |

### MEMORANDUM AND ORDER

[Granting the partial consent motion of Consolidated Plaintiffs/Plaintiff Intervenors for leave to amend their complaint]

Dated: November 3, 2015

Matthew Jon McConkey, Mayer Brown LLP, of Washington, DC, for An Giang Fisheries Import and Export Joint Stock Company et al.

Andrew Brehm Schroth, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of Washington, DC, for Anvifish Joint Stock Company et al. With him on the brief were Ned Herman Marshak, Kavita Mohan, and Dharmendra Narain Choudhary.

Ryan Michael Majerus, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of Counsel on the brief was Nanda Srikantaiah, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Nazakhtar Nikakhtar, Cassidy Levy Kent (USA) LLP, of Washington, DC, for Catfish Farmers of America et al. With her on the brief was Nathaniel James Halvorson.

Kelly, Judge: This consolidated action challenges various aspects of the Department of Commerce's ("Department" or "Commerce") final determination in Certain Frozen Fish Fillets From the Socialist Republic of Vietnam, 80 Fed. Reg. 2,394 (Dep't Commerce Jan. 16, 2015) (final results of the tenth antidumping duty administrative review; 2012-2013) ("Final Results"). Plaintiffs/Consolidated Plaintiff-Intervenors An Giang Fisheries Import and Export Joint Stock Company, Asia Commerce Fisheries Joint Stock Company, Cuu Long Fish Joint Stock Company, Hiep Thanh Seafood Joint Stock Company, International Development and Investment Corporation, NTSF Seafoods Joint Stock Company, Thuan An Production Trading and Services Co., Ltd., Vinh Quang Fisheries Joint Stock Company ("MB Plaintiffs") and Consolidated Plaintiffs/Plaintiff-Intervenors Anvifish Joint Stock Company, Asia Commerce Fisheries Joint Stock Company, Cadovimex II Seafood Import-Export and Processing Joint Stock Company, Can Tho Import-Export Joint Stock Company, Dai Thanh Seafoods Company Limited, East Sea Seafoods Limited Liability Company, Fatifish Company Limited, Hoang Long Seafood Processing Company Limited, Nam Viet Corporation, QVD Food Company Ltd., Saigon-Mekong Fishery Co., Ltd. ("GDLSK Plaintiffs") challenge various aspects of Commerce's final determination, including the calculation of the dumping margin for the

mandatory respondent, Hung Vuong Group ("HVG"). See generally Compl. ¶¶ 20–45, ECF No. 10, Am. Compl. ¶¶ 14–69, filed in Anvifish Joint Stock Company et al. v. United States, Court No. 15-00045, ECF No. 13 ("Anvifish v. United States"), Comp. ¶¶ 14–32, filed in Can Tho Import-Export Joint Stock Company v. United States, Court No. 15-00046, ECF No. 6.

Before the court is a partial consent motion[1] brought by GDLSK Plaintiffs to amend their Amended Complaint filed on March 10, 2015 ("Motion to Amend")[2] to add one additional count, Count Fourteen, which: (1) adds a challenge referencing Commerce's calculation of the dumping rate for HVG as unsupported by substantial evidence and contrary to law, Proposed Am. Compl. ¶ 71, ECF No. 43, Att. 1; (2) asserts that Commerce's calculation of the dumping margin for "exporters found to qualify for separate rate treatment was based upon the weighted average dumping rate found by the Department for the mandatory respondent," id.; (3) challenges the dumping rate assigned to HVG as not supported by substantial evidence, id. at ¶ 72; and (4) alleges that:

> 73.    As the dumping rate for separate rate respondents was based upon the weighted average rate derived from the individual dumping rate found for HVG, the mandatory respondent, and HVG's rate was calculated in a

---

[1] MB Plaintiffs consent to the motion. See Pl.'s Partial Consent Mot. Leave to File Am. Comp. ("Mot. to Amend") 6. Defendant and Defendant-Intervenors oppose the motion. See generally Def.'s Resp. Opp'n to Pl.'s Mot. to Amend ("Def.'s Resp."), Def.-Intervenors' Resp. Opp'n. to Consolidated Pl.s' and Pl.-Intervenors' Mot. to Amend ("Def.-Intervenors' Resp.").

[2] On February 17, 2015, GDLSK Plaintiffs filed their initial Complaint, ECF No. 6, in the member case, Anvifish v. United States. On March 10, 2015, pursuant to USCIT Rule 15(a)(1), GDLSK Plaintiffs filed an Amended Complaint, ECF No. 13, in the same case as a matter of course within 21 days of service of their complaint. By order dated May 6, 2015, ECF No. 29, the court later consolidated Anvifish v. United States with An Giang Fisheries Import and Export Stock Company et al. v. United States, Court No. 15-00044, and Can Tho Import-Export Joint Stock Company v. United States, Court No. 15-00046, in this consolidated action under Consolidated Court No. 15-00044.

>manner which was contrary to law and not supported by substantial evidence, the Department's weighted average dumping rate for exporters entitled to separate rate treatment was likewise contrary to law and not supported by substantial evidence,

id. at ¶ 73; see also Mot. to Amend 2–3.

Defendant opposes the Motion to Amend, arguing that the "[c]ourt should deny [GDLSK Plaintiffs'] motion and require them to refile their 56.2 brief without the arguments pertaining to [the calculation of the rate for separate rate respondents]" because "by not raising this distinct issue at the administrative level, [they] failed to exhaust this argument." Def.'s Resp. 6. Defendant argues that it is appropriate for the court to "deny a motion for leave to amend a complaint for several reasons, including 'futility of amendment.'" Id. at 3. (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). According to Defendant, "[HVG] and other interested parties had the opportunity as of the preliminary determination to raise the issue of the calculation of the rate of separate rate respondents, but none chose to do so." Id. at 6. As a consequence, Defendant argues that "because [GDLSK] Plaintiffs failed to exhaust their administrative remedies, any amendment to their complaint would be futile." Id. Defendant-Intervenors join in opposition. See generally Def.-Intervenors' Resp. Because granting GDLSK Plaintiffs leave to amend their complaint does not unduly prejudice Defendant or Defendant-Intervenors, and because the exhaustion of administrative remedies arguments are better disposed of upon hearing the parties Rule 56.2 motions for judgment on the agency record, the court grants the Motion to Amend.

## DISCUSSION

USCIT Rule 15(a)(2) provides that a party may amend its own pleading after 21 days of serving it "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." USCIT R. 15(a)(2). The requirement that such leave be freely given must be balanced against several considerations protecting the rights of the opposing party. See Foman v. Davis, 371 U.S. at 182. The Supreme Court framed the balancing of interests envisioned by the rule in the following way:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Id.[3]

Defendant does not argue that the additional count in GDLSK Plaintiffs' Proposed Amended Complaint arises from different transactions, occurrences and events. Defendant also makes no claim that the proposed amendment would cause undue delay to the litigation or that GDLSK Plaintiffs acted with bad faith or dilatory motive. Defendant does not allege any undue prejudice by reason of GDLSK Plaintiffs' requested

---

[3] Although the court acknowledges that the rules of this Court sometimes differ from those contained in the Federal Rules of Civil Procedure, USCIT Rule 15(a)(2) is identical to Rule 15(a)(2) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(2). Reflecting this, the Court has adopted the language of Foman v. Davis, 371 U.S. at 182. See, e.g. Ford Motor Co. v. United States, 19 CIT 946, 955–956, 896 F. Supp. 1224, 1231 (1995).

amendment. Rather, Defendant argues that GDLSK Plaintiffs' failure to raise the issue of the calculation of the rate of separate rate respondents, encompassed in the proposed fourteenth count, at the administrative level constitutes a failure to exhaust administrative remedies, which Defendant argues necessarily renders GDLSK Plaintiffs' claim here challenging the calculation of the dumping rate for separate rate respondents futile. See Def.'s Resp. 6.

GDLSK Plaintiffs argue that their claim would not be futile because they "believe that the additional count is in fact encompassed by the other counts" in the complaints filed in this consolidated action. Mot. to Amend 3. They further argue that, "[s]hould the dumping margin for HVG change as a result of any of the other counts, the Department would, as a matter of course, revise the dumping margin assigned to separate rate companies." Id. By implication, GDLSK Plaintiffs argue that their motion is actually unnecessary in order to challenge Commerce's calculation of the rate for separate rate respondents, which they argue is "identical to and related to the counts contained in the original complaint already filed by Plaintiffs HVG and part of this consolidated action." Id. GDLSK Plaintiffs have nonetheless filed the Motion to Amend "to put to rest any technical arguments made by Defendant or Defendant-Intervenor that GDLSK Plaintiffs may have waived this issue." Id.

The court acknowledges the well-settled principle that litigants must exhaust administrative remedies where appropriate, see 28 U.S.C. § 2637(d) (2012), as well as the generally prevailing "'strict view' of the requirement that parties exhaust their administrative remedies before the Department of Commerce in trade cases." See e.g.

Corus Staal BV v. United States, 502 F. 3d 1370, 1379 (Fed. Cir. 2007). Among the primary policy goals behind the exhaustion of administrative remedies doctrine is to "allow[ ] the agency to apply its expertise, rectify administrative mistakes, and compile a record adequate for judicial review–advancing the twin purposes of protecting administrative agency authority and promoting judicial efficiency." See Carpenter Tech. Corp. v. United States, 30 CIT 1373, 1374–75, 452 F. Supp. 2d 1344, 1346 (2006) (citing Woodford v. Ngo, 548 U.S. 81, 88–90, 126 S. Ct. 2378, 2384–85 (2006)). Another policy goal of this doctrine is to incentivize the parties to "voluntarily exhaust all avenues of administrative review before resorting to federal court" challenge. See Woodford v. Ngo, 548 U.S. at 89–90.

      Nonetheless, granting leave to amend a complaint lies within the sound discretion of the court. Foman v. Davis, 371 U.S. at 182. Although futility by virtue of failure to exhaust administrative remedies may serve as a basis for denying a motion to amend a pleading filed beyond 21 days of service, the court retains the discretion to address the exhaustion argument after the pleading stage where it presents no undue prejudice to do so. See Id. None of the cases relied upon by Defendant require otherwise. See United States v. Ford Motor Co., 463 F.3d 1286, 1296 (Fed. Cir. 2006) (trial court had not abused its discretion in denying defendant's motion to amend its answer to add a counterclaim because the claim lacked any statutory basis where defendant voluntarily tendered duties, which precluded review because only a party facing a charge or exaction was entitled to protest); see also XL Specialty Ins. Co. v. United States, 28 CIT 858, 871–872, 341 F. Supp. 2d 1251, 1262 (2004) (relying on court's determination that it lacked

Consol. Court No. 15-00044                                                                            Page 8

jurisdiction over the claim under 28 U.S.C. § 1581(a), not exhaustion of administrative remedies, to deny plaintiff leave to amend its pleading because any such amendment could not cure the jurisdictional deficiency in plaintiff's protest).

In this case GDLSK Plaintiffs moved to amend their complaint "to put to rest any technical arguments made by Defendant or Defendant-Intervenor that GDLSK Plaintiffs may have waived this issue." <u>Mot. to Amend 3</u>. Defendant opposes this proposed amendment on the grounds that Plaintiffs failed to assert a challenge to the rate assigned to separate rate respondents at the administrative level. The parties disagree as to whether Plaintiffs' challenge to the mandatory respondents' duty rate at the administrative level necessarily includes a challenge to the separate rate respondents' rate. <u>See</u> Mot. to Amend 3, Def.'s Resp. 5–6. As a result of this disagreement, a question arises as to whether or not Commerce has a practice of assigning dumping margins to non-individually reviewed companies in non-market economy cases based on the weighted-average of the estimated dumping margins established for exporters individually investigated. If the answer is affirmative, then further questions arise as to whether, in light of that practice, the respondents' challenge below to the mandatory respondent's rate was, by implication, also a challenge to the resulting rate assigned to separate rate respondents. The nature and implications of this disagreement warrant full briefing by the parties as a matter of fundamental fairness.

The court will be in a better position to properly dispose of the question of the scope of Plaintiffs' challenge at the administrative level and its implications as they relate to exhaustion after the motions for judgment on the agency record are submitted by all

parties.  Defendant does not allege that it will suffer any prejudice from the addition of what it essentially argues is a superfluous count, incapable of gaining Plaintiffs any relief, nor can it.  If the court grants the Motion to Amend, nothing constrains Defendant from raising its exhaustion of administrative remedies arguments in its response to Plaintiffs' motions for judgment on the agency record.  If the Plaintiffs' challenge to the mandatory respondent's rate below was not a challenge to the separate rate respondents' rate, then adding such a claim to GDLSK Plaintiffs' complaint here will not cure that deficiency.  Conversely, if the court denies the motion, nothing constrains the Plaintiffs from arguing that their original pleading included the claim.  By deferring the exhaustion question, the court does not mean to suggest that the challenge below to the mandatory respondents' rate necessarily does or does not include a challenge to the rate assigned to separate rate respondents.  Addressing a dispute over the scope of those claims at the pleading stage, without briefing by the parties, is neither necessary nor prudent.

Accordingly, it is hereby

**ORDERED** that GDLSK Plaintiffs' Motion to Amend is granted; and it is further

**ORDERED** that GDLSK Plaintiffs' Amended Complaint shall be deemed filed as of this date.

       /s/ Claire R. Kelly  
      Claire R. Kelly. Judge

Dated: November 3, 2015  
      New York, New York